# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC.,<br>*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | **CIVIL NO. 1-22-CV-1388-DII** |
| MACHINEGUN MICHAELS, L.L.C.,<br>MICHAEL A. SANCHEZ, and FILIP R.<br>LOCKHOOF,<br>*Defendants* | §<br>§<br>§<br>§ | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE DISTRICT COURT**

Before the Court is Plaintiff Joe Hand Promotions, Inc.'s Motion for Final Default Judgment

and Supporting Brief, filed August 28, 2023 (Dkt. 18). By Text Order entered September 12, 2023,

the District Court referred the motion to this Magistrate Judge for a report and recommendation,

pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of

Appendix C of the Local Rules of the United States District Court for the Western District of

Texas.

## I.    Background

Plaintiff Joe Hand Promotions, Inc. ("JHP") brings claims for satellite and cable piracy under

47 U.S.C. §§ 605 and 553 against Defendants Machinegun Michaels, L.L.C., Michael A. Sanchez,

and Filip R. Lockhoof. First Amended Complaint, Dkt. 6.[1] JHP alleges that Machinegun Michaels

---

[1] JHP alleges that it is a Pennsylvania corporation, Machinegun Michaels is a Texas limited liability
company, and Sanchez and Lockhoof are Texas residents. Dkt. 6 ¶¶ 3-6. JHP also named Toni N. Sanchez
as a defendant, but dismissed its claims against her on January 16, 2023. Dkt. 4.

managed the Detour Bar in Austin, Texas, and Sanchez and Lockhoof were each a "member, manager, officer, and/or principal" of Machinegun Michaels. *Id.* ¶¶ 4-6.

JHP alleges that it held the exclusive commercial license to distribute and authorize the public display of the pay-per-view broadcast of a mixed martial arts match between Conor McGregor and Donald "Cowboy" Cerrone on January 18, 2020 ("Program"). *Id.* ¶ 3. JHP alleges that Defendants broadcast the Program to customers at the Detour Bar but, instead of buying a license from JHP, they "unlawfully obtained the Program via a satellite signal or, in the alternative, via a cable signal." *Id.* ¶ 10.[2]

JHP served Machinegun Michaels and Lockhoof on February 16, 2023 and served Sanchez on March 22, 2023. Dkts. 10-11, 14. Defendants made no appearance and have failed to plead, respond, or otherwise defend this case. On June 1, 2023, the Clerk entered default against all three Defendants. Dkt. 17. JHP now asks the Court to enter a default judgment against Defendants and award it $60,000 in statutory damages under 47 U.S.C. § 605, $2,000 in attorneys' fees, and $936 in costs. Dkt. 18 at 20; Dkt. 18-10 ¶ 6.

## II.    Legal Standard

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. *Id*. Even when the defendant technically is in default, however, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

---

[2] It appears that JHP has filed scores of piracy complaints, including more than a dozen in this Court alone.

After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages. *United States v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Nishimatsu,* 515 F.2d at 1206 (stating that the defendant, by default, "admits the plaintiff's well-pleaded allegations of fact"). But a default "is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," and the defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu,* 515 F.2d at 1206.

Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Under Rule 55(b)(2), a court may hold a hearing to conduct an accounting, determine the amount of damages, or establish the truth of any allegation, but a hearing is unnecessary if the court finds it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). The Court finds that a hearing is unnecessary.

### III.    Analysis

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

### A.  Jurisdiction

When a party seeks entry of a default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). Because JHP asserts claims under 47 U.S.C. §§ 553 and 605, it invokes the Court's original federal question subject matter jurisdiction under 28 U.S.C. § 1331.

Rule 4(k)(1) provides that service of a summons "establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." The Court has general personal jurisdiction over Defendants because Sanchez and Lockhoof are residents of Texas and Machinegun Michaels is a Texas limited liability company. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

## B.  Liability

The Court next considers whether a default judgment is procedurally warranted and the Complaint sufficiently sets forth facts showing that JHP is entitled to relief. *United States v. 1998 Freightliner Vin #:1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

### 1.  Default Judgment is Procedurally Warranted

In determining whether a default judgment is procedurally warranted, district courts consider these six factors:

(1)  whether material issues of fact are at issue;

(2)  whether there has been substantial prejudice;

(3)  whether the grounds for default are clearly established;

(4)  whether the default was caused by a good faith mistake or excusable neglect;

(5)  the harshness of a default judgment; and

(6)  whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893.

The Court finds that default judgment is procedurally warranted. First, there are no material facts in dispute because Defendants have not filed an answer or any responsive pleadings. *Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ."). Second, Defendants' "failure to respond threatens to bring the adversary

process to a halt, effectively prejudicing [JHP'] interests." *J&J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015) (citation omitted). Third, the grounds for default are clearly established: Defendants were "properly served and [have] failed to appear and participate at all, much less timely file a responsive pleading," and the Clerk has entered default against them. *Can Cap. Asset Servicing, Inc. v. Walker*, No. 1:17-CV-1147-RP, 2019 WL 2298703, at *2 (W.D. Tex. May 30, 2019). Fourth, the Court cannot find a good-faith mistake or excusable neglect because Defendants have failed to appear. Fifth, though JHP seeks monetary damages, it seeks only that relief to which it is entitled under federal law, limiting the harshness of a default judgment. Sixth, "the Court is not aware of any facts that would obligate it to set aside the default if challenged" by Defendants. *Id.* For these reasons, the Court finds that default judgment is procedurally warranted.

### 2.  There is a Sufficient Basis for Judgment in the Pleadings

JHP alleges violations of Section 605 and Section 553 of the Federal Communications Act, but moves for default judgment only under Section 605. Dkt. 18 ¶ 3. Section 605(e)(3)(A) provides a cause of action to "[a]ny person aggrieved by any violation of subsection (a)." A plaintiff may recover under 47 U.S.C. § 605(a) by showing that the defendant (1) received, helped receive, transmitted, or helped transmit an interstate communication by radio or satellite, and (2) broadcast, displayed, or divulged that communication to (3) at least one other person (4) without authorization. *Joe Hand Promotions, Inc. v. Castaneda Salinas*, No. DR-11-CV-0050-AM, 2013 WL 12392513, at *3 (W.D. Tex. Nov. 5, 2013).

JHP alleges that:

> (1) it possessed the sole and exclusive license to distribute and authorize the public display of the Program to businesses, Dkt. 6 ¶ 8;

(2) the Program was broadcast interstate to cable systems and satellite television companies via satellite signal, *id.*;

(3) the Program's satellite transmission "was electronically coded or scrambled and was not available to or intended for the free use of the general public," *id.*;

(4) Defendants unlawfully obtained the Program via a satellite signal without paying the commercial sublicensing fee, *id.* ¶ 10;

(5) Defendants exhibited the program to patrons at the Detour Bar, *id.* ¶¶ 14-15; and

(6) Defendants Sanchez and Lockhoof "had the right and ability to supervise . . . the activities of the Establishment at all relevant times." *Id.* ¶ 17

By defaulting, Defendants have admitted these facts. *Nishimatsu*, 515 F.2d at 1206.

The facts as alleged establish that the Program's satellite transmission was received by Defendants and broadcast to patrons of the Detour Bar without JHP's authorization for Defendants' commercial benefit. The Court finds that JHP has established a claim for relief under Section 605 of the Federal Communications Act.

## C. Relief

Having recommended that the motion for default judgment should be granted and judgment entered in favor of JHP, the Court also must recommend appropriate relief.

### 1. Statutory Damages

Section 605 allows for recovery of actual damages or statutory damages per violation of "not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). If a court finds that the violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," the court may increase the award by not more than $100,000 per violation. 47 U.S.C. § 605(e)(3)(C)(ii).

JHP seeks the maximum statutory damages of $10,000 under Section 605(e)(3)(C)(i)(II) from Defendants jointly and severally and additional damages of $50,000 under Section 605(e)(3)(C)(ii) for their willful actions for commercial advantage or private financial gain. Dkt. 18 at 20.

JHP argues that "it would be impossible to determine the full extent of the profits" it lost and additional damages it sustained as a result of Defendants' unlawful actions. *Id.* ¶ 25. JHP also seeks "additional compensation as it has been deprived of the 'value, benefits and profits derived' from the unauthorized broadcast" of the Program at the Detour Bar, "as well as the value of 'business investment, business opportunities and goodwill.'" *Id.* ¶ 30 (quoting *Am. Television & Commc'ns Corp. v. Floken, Ltd.*, 629 F. Supp. 1462, 1466 (M.D. Fla. 1986)). To support its claim for damages, JHP offers an affidavit from its president averring that Defendants' actions impacted its revenue, reputation, and ability to compete. Dkt. 18-2.

In similar piracy cases, this Court has awarded statutory damages of two to three times "what would have been the cost had Defendant followed the law." *Joe Hand Promotions, Inc. v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008) (trebling the licensing fee for base statutory damages); *see also Joe Hand Promotions, Inc. v. Fusion Hookah, LLC*, No. 1:19-CV-618-RP, 2020 WL 6876208, at *4 (W.D. Tex. Nov. 23, 2020) (stating that a "reasonable award is around two to three times what would have been the cost to Defendants had they followed the law" and awarding $2,500 in base statutory damages when the license fee was approximately $893).

JHP submits an affidavit from its auditor, who visited the Detour Bar on the date of the Program, stating that the bar had an estimated capacity of 99 people. Dkt. 18-5. JHP also submits an affidavit from its president that the commercial sublicense fee for a bar of this size would have been $1,095. Dkt. 18-2 ¶ 8. This Magistrate Judge recommends that the District Court award

reasonable statutory damages under Section 605(e)(3)(C)(i)(II) of $3,00, between two and three times the commercial license fee of $1,095.

JHP also requests $50,000 in damages for Defendants' willful violation of the FCA. JHP's auditor observed that the Program was shown on four televisions at the Detour Bar, which did not have a cover charge. Dkt. 18-5 at 1. The auditor took three headcounts of 32, 45, and 57 people. *Id.* JHP also presents evidence that Defendants exhibited the Program for direct or indirect commercial gain, including advertising the Program on social media and displaying it on multiple televisions. *Id.* ¶ 40; Dkt. 18-5 at 1; Dkt. 18-6 at 1. The Court finds that this evidence supports a finding of willfulness. *See Fusion Hookah*, 2020 WL 6876208, at *4.

Courts have often awarded treble to quadruple damages under Section 605(e)(3)(C)(ii) for willful violations in similar cases. *See, e.g.*, *Joe Hand Promotions, Inc. v. Fusion Hookah*, No. A-16-CV-1339-RP, 2018 WL 1887293, at *4-5 (W.D. Tex. Feb. 1, 2018) (recommending award of $3,300 in statutory damages and $9,900 in additional damages when defendants charged $5 cover and showed pirated event on three televisions to up to 45 people), *R. & R. adopted*, 2018 WL 1885192 (Mar. 28, 2018); *Joe Hand Promotions, Inc. v. Alima*, No. 3:13-CV-0889-B, 2014 WL 1632158, at *5 (N.D. Tex. Apr. 22, 2014) (awarding $20,000 in additional damages, four times base statutory damages of $5,000, when defendants charged $5 cover and showed event on nine screens to up to 125 people); *Garcia*, 546 F. Supp. 2d at 386 (awarding $2,625 in statutory damages plus $10,000 fine for pirated broadcast to 65-80 patrons).

Based on the evidence presented here, including the number of patrons and screens showing the Program at the Detour Bar, and that Defendants advertised the program but did not charge a cover, the Court recommends an additional award of $9,000, three times the recommended base statutory damage award.

### 2. Attorneys' Fees and Costs

Under the FCA, the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). JHP requests an award of $2,000 in attorneys' fees.

Courts in the Fifth Circuit use the "lodestar method" to calculate an appropriate fee award. *Cruz v. Maverick Cnty.*, 957 F.3d 563, 574 (5th Cir. 2020). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, namely, the market rate in the community for the work. *Id.* "[T]here is a 'strong presumption' that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). After calculating the lodestar amount, a court may enhance or decrease the amount of fees based on the factors set forth in *Johnson v. Ga. Highway Exp., Inc*. 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[3] The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment. *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

JHP submits an affidavit from its counsel, Jamie King, who billed $250 per hour for 8 hours of work expended on this case. Dkt. 18-10. Given the circumstances of the case, the Court finds counsel's work and hourly fee to be reasonable and recommends that the District Court award JHP $2,000 in attorney's fees. *See Fusion Hookah*, 2020 WL 6876208, at *5 (awarding $250 per hour to the same attorney under similar facts).

---

[3] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

JHP also asks the Court to award $946 in costs. Dkt. 18 ¶ 45. King describes the costs as the $402 filing fee, $450 in service of process costs, $19 in copy fees, and $75 in courier fees. Dkt. 18-10 ¶ 7. Though Section 605(e)(3)(B)(ii) of the FCA awards "full costs" to the aggrieved party, courts may tax as costs only those categories enumerated in 28 U.S.C. § 1920. *See Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 876 (2019) (holding that "full costs" under the Copyright Act "covers only the six categories specified" in Section 1920).

The filing fee and copy fees are recoverable under Section 1920(1) and (4), but costs of private process servers are not recoverable in the Fifth Circuit absent exceptional circumstances not shown here. *Marmillion v. Am. Int'l Ins.,* 381 F. App'x 421, 431 (5th Cir. 2010) (citing *Cypress-Fairbanks Indep. Sch. Dist. v. Michael*, 118 F.3d 245, 257 (5th Cir. 1997)). Courier fees also are unrecoverable under Section 1920. *Smith W. Tex. Props., Ltd. v. Allied Prop. & Cas. Ins.,* 555 F. Supp. 3d 342, 348 (W.D. Tex. 2021) ("Incidental costs like 'shipping' are generally not taxable as these costs are not listed in § 1920."). The Court recommends that the District Court award JHP $421 in costs.

### IV.    Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff Joe Hand Promotions, Inc.'s Motion for Final Default Judgment (Dkt. 18) and **ENTER DEFAULT JUDGMENT** against Defendants Machinegun Michaels, L.L.C., Michael A. Sanchez, and Filip R. Lockhoof under Rule 55(b).

The Court further **RECOMMENDS** that the District Court award JHP:

(1) $3,000 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II);
(2) $9,000 in additional damages under 47 U.S.C. § 605(e)(3)(C)(ii); and
(3) $2,000 in attorneys' fees and $421 in costs under 47 U.S.C. § 605(e)(3)(B)(iii).

It is **ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the Honorable District Court.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. See *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. See 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 21, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE